UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2701 CAS (FMOx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | CHARLES E. MYERS v. GRABBER CONSTRUCTION PRODUCTS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

### I. INTRODUCTION & BACKGROUND

On February 14, 2012, plaintiff Charles Myers filed the instant action in Los Angeles County Superior Court against his former employer, Grabber Construction Products, Inc., and Does 1–20, alleging: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12940 et seq.; (2) violation of Cal. Govt. Code § 12940(n); (3) violation of Cal. Govt. Code § 12940(m); age discrimination in violation of FEHA; (5) wrongful termination in violation of public policy; and (6) failure to prevent discrimination in violation of FEHA. The gravamen of plaintiff's complaint is that he was unlawfully terminated after taking periods of leave due to health problems. Compl. ¶¶ 17–40.

Defendant removed the action to this Court on March 28, 2012, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Defendant asserts that jurisdiction is proper because complete diversity of citizenship exists and because "the amount in controversy exceeds $75,000." Notice of Removal at 7. The complaint is silent as to the amount-in-controversy.

### II. LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2701 CAS (FMOx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | CHARLES E. MYERS v. GRABBER CONSTRUCTION PRODUCTS, ET AL. | | |

diversity requires that the parties be in complete diversity and that the amount-in-controversy exceed $75,000.  See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction.[1]  Id.  Conclusory allegations are insufficient.  Id. at 1091.

### III.   DISCUSSION

---

[1] The 9th Circuit's requirement—that a removing party prove the amount in controversy by a preponderance of the evidence when the complaint is silent as to the amount sought—appears to have been recently reaffirmed by Congress.  Revised 28 U.S.C. § 1446(c), which came into effect January 6, 2012, now provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that–
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks–
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The revised law thus requires defendants to prove the amount-in-controversy by a preponderance of the evidence in situations where a plaintiff's demanded amount is uncertain and is in accordance with Ninth Circuit law.  See Matheson, 319 F.3d at 1090.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2701 CAS (FMOx) | Date | April 24, 2012 |
|---|---|---|---|
| Title | CHARLES E. MYERS v. GRABBER CONSTRUCTION PRODUCTS, ET AL. | | |

Plaintiff does not specify an amount of damages; instead, the complaint requests back pay, front pay, general and special damages, punitive damages, and attorneys' fees and costs. Prayer for Relief ¶¶ 1–6.

Defendant asserts that the amount in controversy is met because plaintiff's recovery includes both present and future wage loss, emotional and psychological damages, and attorneys' fees, which, according to defendant, amount to more than $75,000. Notice of Removal at 7.

The Court is unpersuaded that defendant has carried its burden of proving by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. See Matheson, 319 F.3d at 1090. Beyond the conclusory assertion that the amount-in-controversy is met, defendant has failed to demonstrate, using non-speculative evidence, that it is more likely than not that damages will exceed $75,000. Gaus, 980 F.2d at 567. Accordingly, the Court cannot conclude by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. See id.; Matheson, 319 F.3d at 1090.

## IV.  CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before May 14, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | IM |